### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**KRISTIE G. RILEY, ADMINISTRATOR**
**OF THE ESTATE OF HAROLD D. GARRETT,**

        **Plaintiff,**

v.                                          **CIVIL ACTION NO. _____**

**EZRICARE, LLC,**
**ARU PHARMA, INC.,**
**and**
**AMAZON.COM, INC.,**

        **Defendants.**

## COMPLAINT

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendants, jointly and separately, as follows:

1. The Plaintiff qualified as the administrator of the estate of Harold D. Garrett on May 17, 2024, pursuant to Virginia Code § 64.2-454, and is, and at all relevant times has been, a resident of the State of Virginia.

2. Defendant, EzriCare, LLC (hereinafter "Ezri"), is, at all times material hereto, an LLC registered in the State of New Jersey, with its operational, managerial, marketing headquarters, and principal place of business located at 1525 Prospect Street, Suite 204, Lakewood, New Jersey. Ezri is engaged in the business of labeling, packaging, importing, selling, distributing, advertising and/or marketing artificial tears products throughout the United States, including the State of Virginia. Moreover, this Court has general personal jurisdiction over Ezri because it does business in and committed a tort, in whole or in part, in Chesapeake Virginia.

3.      Defendant, Aru Pharma, Inc. (hereinafter "Aru"), is a corporation organized and existing under the laws of the State of New York with its operational, managerial, marketing headquarters, and principal place of business located at 925 Protano Lane, Mamaroneck, New York and/or 696 Locust Street, Mount Vernon, New York, both in Westchester County, New York. Aru is engaged in the business of importing, selling, supplying, distributing, packaging, and marketing artificial tears products throughout the United States, including the State of Virginia. Aru may be served with process at its principal place of business at 925 Protano Lane, Mamaroneck, New York.  This Court has general personal jurisdiction over Aru because it does business in and committed a tort, it in whole or in part, in Chesapeake Virginia.

4.      Defendant, AMAZON.com Inc. ("Amazon"), is a worldwide seller and distributor of products. Amazon is a Washington corporation with its operational, managerial, marketing headquarters, and principal place of business located at 410 Terry Ave. N., Seattle, Washington. Amazon regularly does business in Virginia either through its stores, distribution centers, online, or the many wholly-owned subsidiaries and affiliated corporations and entities it controls. Amazon has sufficient contacts with the State of Virginia by regularly selling and distributing products in Virginia, including artificial tears, and by serving a market for artificial tears in Virginia. Amazon sold, distributed, advertised, and/or marketed the artificial tears which are the subject of this litigation. Amazon's contacts with Virginia are sufficient that Amazon should reasonably expect to be brought into court in Virginia.  This Court has general personal jurisdiction over Amazon because it does business in and committed a tort, in whole or in part, in Chesapeake, Virginia.

5.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332(a) in that the

matter in controversy exceeds $75,000, exclusive of interest and costs, and this action is one between citizens of different states.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that this is the district in which this claim arose.

7.      At all times hereto, Defendants are out-of-state and/or foreign corporations conducting business and engaging in or carrying on business in the Commonwealth of Virginia. Specifically, these Defendants sold, supplied, distributed, shipped, advertised, and/or marketed the artificial tears that caused harm and damages to Plaintiff's decedent.

## FACTS

8.      Plaintiff adopts and realleges all the preceding paragraphs as if repeated herein.

9.      Plaintiff's decedent was a citizen and resident of Virginia, and at all times material hereto, was a resident of Chesapeake, Virginia.

10.     On or about April 11, 2022, Plaintiff's decedent purchased a two-pack of EzriCare Artificial Tears from Amazon.com to assist him with the common condition known as dry eyes.

11.     Defendants labeled, marketed, sold, advertised, packaged, imported, distributed its product as eyedrops intended for: (a) use as a protection against further irritation or to relieve dryness of the eye; (b) the temporary relief of discomfort due to minor irritations of the eye or to exposure to wind or sun.

12.     Plaintiff's decedent was unaware that the Defendants' artificial tear products were adulterated and contaminated with *Pseudomonas Aeruginosa*, a dangerous and inherently harmful species of bacteria.

13.     Plaintiff decedent utilized artificial tears purchased by and through Amazon and

Page 3 of 6

shortly thereafter began experiencing complications, which included, but are not limited to, malaise and exhaustion.  Plaintiff's decedent's condition continued to worsen and on June 9, 2022, he presented to Maryview Medical Center.  Plaintiff's decedent was diagnosed with complete organ failure and it was determined he was in septic shock.

14.     Plaintiff's decedent's condition continued to worsen.

15.     Over the course of weeks and months, the infection centered on his heart and actually began growing and destroying the wires on his defibrillator.

16.     Despite multiple attempts at treatment, despite multiple antibiotics, the Plaintiff's decedent's condition continued to worsen until such time as he succumbed to the infection.

17.     Ultimately, the decedent died on September 20, 2022, as a result of the overwhelming infectious process.

18.     All of the Defendants are in the business of packaging, labeling, importing, selling, supplying, distributing, advertising and/or marketing the Artificial Tears product at issue in this lawsuit.

19.     At the time the Artificial Tears product at issue in this case was put into the stream of commerce, it was unreasonably dangerous for its original and foreseeable use.

20.     The Defendants warranted that their product was safe and fit for its foreseeable and intended use.

21.     At no time were the Artificial Tears at issue in this case altered or changed in any manner from when they left the Defendants control to the point where they were being used by the Plaintiff's decedent.

22.     At all times, the Plaintiff's decedent was using the product in its normal and

expected manner and at no time did the Plaintiff's decedent misuse the product. As set out above, the Defendants breached their warranty that the Artificial Tears product, which is the subject of this lawsuit, was fit for its foreseeable use.

23.     The Defendants had an obligation to ensure that the Artificial Tears product they were putting into the stream of commerce was not dangerous.

24.     Not withstanding said obligation, the Defendants failed to exercise the reasonable care necessary in marketing, and distributing these products and, in fact, distributed products that were contaminated with Pseudomonas Aeruginosa that was extraordinarily dangerous to those exposed to it.

25     As a direct result of the Defendants' negligence and joint negligence and breach of the applicable warranties as set out above, the Plaintiff's decedent was caused to contract a significant infection, which ultimately lead to his death.

26     This matter is being brought pursuant to the Virginia wrongful death statute and is seeking all those damages permitted by the Virginia wrongful death statute.

27.     The Plaintiff's decedent's beneficiaries have all suffered extraordinary losses in that they no longer have the decedent available for his companionship, his guidance, and his many contributions.

WHEREFORE, Plaintiff, as the administrator of the decedent's estate, asks this Court for EIGHT MILLION FIVE HUNDRED FORTY SEVEN THOUSAND FIVE HUNDRED SIXTY SEVEN AND NO 100/ DOLLARS ($8,547,567.00), plus pre and post-judgment interest, plus all of her costs in proceeding with this matter, and for all those damages permitted pursuant to the Virginia wrongful death statute including, but not limited to, medical bills incurred for the

Page 5 of 6

treatment of the Plaintiff's decedent prior to his death, funeral expenses incurred after the

decedent's death, and all of the intangible contributions the decedent made to the life of all of his

beneficiaries.

Plaintiff requests a trial by jury.

KRISTIE G. RILEY, ADMINISTRATOR
OF THE ESTATE OF HAROLD D. GARRETT

By_____
Of Counsel


Robert J. Haddad, Esq. (VSB No. 22298)
**RULOFF, SWAIN, HADDAD, MORECOCK,
   TALBERT & WOODWARD, P.C.**
317 30th Street
Virginia Beach, VA 23451
P:  (757)671-6000
F:  (757)671-6004
rhaddad@srgslaw.com